HARRY S. WENGER v. MERLE O. ANDERSON.[1]

February 10, 1922.

No. 22,627.

**Breach of building contract.**

Action by the owner against his contractor to recover for labor and material going into a dwelling which defendant agreed but failed to pay for, and for damages for defective work and material. Evidence considered and *held* sufficient to sustain the finding.

Action in the district court for St. Louis county to recover $3,000 for breach of a building contract and damages for poor workmanship and material in the construction of a certain building. Defendant set up a counterclaim for $4,537.10. The case was tried before Daly, J., who made findings and ordered judgment in favor of plaintiff for $691.76. From an order denying his motion to amend the findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*H. B. Haroldson,* for appellant.

*John Jenswold* and *John D. Jenswold,* for respondent.

QUINN, J.

Plaintiff and defendant entered into a contract by the terms of which defendant agreed to furnish the material and to construct a dwelling for plaintiff at the agreed price of $14,275. The structure was practically completed on November 3 when plaintiff moved in.

[1]Reported in 186 N. W. 701.

Plaintiff seeks to recover for certain labor and material which defendant furnished and failed to pay for and for damages on account of poor workmanship and material. The cause was tried to the court, findings made and judgment entered in favor of plaintiff for $691.76, with interest and costs. From an order denying his motion for amended findings or for a new trial, plaintiff appeals.

It is alleged in the complaint that defendant failed to pay for labor and material that went into the building, amounting to about $5,000, that liens therefor have or will be filed against the premises and that he is entitled to recover damages for the poor workmanship and material furnished in the sum of $3,000, and asks that an off-set be made of the unpaid balance of the contract price and that he have judgment for the balance in his favor. Upon the other hand, defendant alleges in his answer that there is due and owing to him upon the contract price and for extra work and material furnished, the sum of $4,537.10, for which amount, with interest and costs, he asks judgment.

It appears that many changes were made in the plans and specifications during the construction of the dwelling, at the request of plaintiff, for which defendant furnished material and labor to the amount of $1,697.62, which, together with a commission of 10 per cent thereon, as defendant's compensation for making such alterations, amounts to $1,867.38, which, together with the contract price, entitled defendant to a credit of $16,142.38; that plaintiff has paid to defendant upon the contract price the sum of $11,642, and that he is entitled to a credit on account of liens against the premises for $4,821.14 and to recover damages for poor workmanship and material in the sum of $370, in all the sum of $16,834.14, leaving a balance of $691.76 in his favor, for which amount he is entitled to judgment with interest and costs.

There are 39 assignments of error going largely to the proofs relating to extra work and material furnished by defendant for changes in the plans. We have gone over this phase of the case in detail and find no reversible error in the record in relation thereto. There was a conflict in the testimony in this respect which made a clear question of fact for the court to determine. With reference

to the charge. of 10 per cent on the cost of the labor and material there is evidence that such was the customary charge and that it was of that value, and the court so found.

It is contended that plaintiff is entitled to an allowance of $158.35 for interest on the lien claims and $149.15 for attorney's fees, costs and disbursements in the lien proceedings. Neither of these items is mentioned in the pleadings, nor does the plaintiff ask for the same in his motion for amended findings so as to place himself in a position to ask a reversal upon such grounds. Neither was there any proof offered upon the trial bearing upon these items. It appears from the record that all matters in dispute between the parties were litigated by consent, regardless of the allegations in the pleadings. The court evidently treated the question of interest upon the unpaid balance of the contract as an off-set against interest on the lien claims, and under the circumstances failed to allow any costs or disbursements in the foreclosure of the liens. Neither the assignments of error nor the motion for a new trial places appellant in a position to ask for a reversal upon these grounds.

Affirmed.